*116 OPINION.
TRUSSell:
The single issue in this case is a question of corporate affiliation. The respondent has consolidated for tax purposes a group of three corporations which were owned or controlled by one individual, DuBois, but he has excepted the petitioner from the consolidated group. The petitioner claims that although all of its capital stock was not owned by DuBois, its president, nevertheless, he dominated the business, dictated the management, and he controlled the stock which he did not own, thus bringing into force that part of section 240 (e) (2) of the Revenue Act of 1921, which provides for affiliation if substantially all of the stock of two or more corporations is controlled by the same interests.
The capital stock of the petitioner was held by three individuals; DuBois, president, holding 70 per cent; Nettleton, general manager, holding 16% per cent; and Welch, secretary-treasurer, holding 13% per cent. Whether Nettleton was the equitable owner of any of the shares standing in his name does not definitely appear. The *117 claims of DuBois and Nettleton to the stock are contradictory. Welch was still indebted to the petitioner for a minor portion of his stockholdings, but the evidence shows that he paid in, for the stock he owned outright, assets accepted without dispute by the parties at a valuation in excess of $32,000. At the very lowest consideration, he owned outright in excess of 10 per cent of the outstanding stock. Neither Nettleton nor Welch held any interest whatever in either of the three corporations with which consolidation is sought. We think that the substantial investment of Welch must be regarded as an interest separate and distinct from that of DuBois. Our conclusion in this respect is unaltered by the amply evidenced domination by DuBois in the management of the business. Even though Net-tleton and Welch acquiesced in the management of DuBois, that does not mean that DuBois controlled the stock of either of them, but especially that of Welch.
In American Auto Trimming Co. et al., 6 B. T. A. 1007, we had for consideration a claim for the consolidation of five corporations. The business management of all five was under the absolute control of one individual, but he did not own all of the stock. One Joyce held stock in two of the corporations, but had no interest in the other three. We held that the stockholding interests in the five corporations were not substantially the same, and we authorized the consolidation in one group of the three corporations in which Joyce was not interested, and the consolidation in another group of the two corporations in which Joyce was interested. This was affirmed in American Auto Trimming Co. v. Lucas, 37 Fed. (2d) 801, wherein the court, citing with approval Commissioner v. Adolph Hirsch & Co., 30 Fed. (2d) 645; and News Publishing Co. v. Blair, 29 Fed. (2d) 955, was of opinion that control of the stock through beneficial interest was the control intended by the statute.
The instant appeal presents a question which we recently considered at length in Continental Products Co., 20 B. T. A. 818, deciding that the control by the same interests necessary under the statutes for affiliation means not the control of the business or policies of the subsidiaries, but rather a substantial identity of beneficial interest, thus extending the benefit of consolidated returns to those subject to the hazard of a single enterprise. Our prior decision is controlling in the instant case, where the minority interest or interests in the petitioner have no interest whatever in the group of corporations with which consolidation is sought. We conclude, therefore, that the petitioner’s claim for affiliation must be denied.

Judgment will be entered pursuant to .Rule 50.